# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1837

_____

Jon Mills,                                    *
                                              *
            Appellant,                        *
                                              *    Appeal from the United States
      v.                                      *    District Court for the
                                              *    Eastern District of Arkansas.
David White, Warden, Maximum                  *
Security Unit, ADC; Tommy James,              *    [UNPUBLISHED]
Assistant Warden, Maximum Security            *
Unit, ADC; Richardson, Sgt.,                  *
Maximum Security Unit, ADC;                   *
Correctional Medical Services, Inc.           *
Health Care for Prisoners; Larry D.           *
Bowler, Infirmary Doctor, Maximum             *
Security Unit, ADC; Mustitul, CO II,          *
Maximum Security Unit, ADC; Roland            *
Anderson, Medical Professional, CMS,          *
                                              *
            Appellees.                        *

_____

Submitted: May 17, 2006
Filed: May 30, 2006

_____

Before ARNOLD, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Jon Mills appeals following the district court's denial of his motion to proceed in forma pauperis (IFP) as three-strikes barred, and the resulting

dismissal without prejudice of his 42 U.S.C. § 1983 complaint. Under 28 U.S.C. § 1915(g), an inmate may not proceed IFP in a civil action or an appeal if he has on three or more previous occasions brought an action or appeal in federal court that was dismissed for frivolousness, maliciousness, or failure to state a claim, unless the inmate is under imminent danger of serious physical injury. Having conducted an independent review of the section 1983 cases that the district court counted as "strikes" under section 1915(g), we conclude that Mills had no strikes when he filed the instant lawsuit. See Andrews v. King, 398 F.3d 1113, 1118 (9th Cir. 2005) (reviewing de novo interpretation and application of § 1915(g)).

In two of the cases assessed as strikes, evidentiary hearings were held before the matters were finally dismissed, and in one of those cases, some defendants were granted summary judgment. The final dismissals in these cases do not constitute strikes. See Jennings v. Natrona County Detention Center Med. Facility, 175 F.3d 775, 778-81 (10th Cir. 1999) (discussing what constitutes strike under § 1915(g)). The third case counted as a strike was dismissed for failure to state a claim in April 2005, but the dismissal was not affirmed by this court until February 7, 2006, and the instant lawsuit was filed some months earlier, in November 2005.[1] See id. at 780 (counting dismissals as strikes only when appeals have been exhausted or waived).

Accordingly, Mills had no strikes when he filed the instant lawsuit. We now grant Mills IFP status in this appeal, and we reverse and remand for further proceedings consistent with this opinion.

_____

---

[1]This dismissal did not constitute a strike even when Mills filed the instant appeal, as the envelope in which his notice of appeal was sent is postmarked February 6, 2006.